**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

**ALEJANDRO ORTIZ,**

**Petitioner,**

**vs.**                                    **Case No. 3:12-cv-00317-DRH**

**J CROSS,**

**Respondent.**

**MEMORANDUM AND ORDER**

**Herndon, Chief Judge:**

Alejandro Ortiz has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner was sentenced to serve 84 months in the Bureau of Prisons following his 2008 conviction possession with intent to distribute in excess of 500 grams of mixtures containing cocaine, in violation of 21 U.S.C. § 841(a)(1). *USA v. Ortiz, et al.*, Case No. 07-cr-358 (N.D.Ill., May 2, 2011). He is incarcerated at Greenville-FCI.

Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts provides that, upon preliminary consideration, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) of those Rules gives this Court the authority to apply the rules to a petitioner brought under § 2241. Having

1

carefully reviewing the petition in the present case, the Court concludes that petitioner is not entitled to relief, and the petition must be dismissed.

Petitioner claims he is entitled to a sentence recalculation because Congress passed an amendment to United States Sentencing Guideline ("USSG") § 4A1.1(e) on November 1, 2010 (Amendment 742) that eliminates the consideration of "recency points."  Petitioner believes that if this amendment was retroactively applied to his sentence, he would be able to be eliminate 14 months of his sentence.  Contrary to petitioner's assertion, however, the November 1, 2010 amendment to § 4A1.1(e) was not intended to apply retroactively. *See U.S. v. Brooks*, Case No. 10-30011-DRH, WL 5368850, *1-2 (S.D.Ill., Nov. 4, 2011) (denying defendant's motion for modification or reduction of sentence based upon Amendment 742 to the United States Sentencing Guidelines).  In *Brooks*, this Court explained:

> Section 1B1.10 of the United States Sentencing Guidelines is the relevant "policy statement" here. That section specifically and exhaustively lists amendments authorized retroactive application under Section 3582(c)(2). *See* U.S.S.G. § 1B1.10(c). It further provides, if an amendment is not listed in Section 1B1.10(c), a reduction in sentence is not authorized. *See* 1B1.10(a)(2)(A). Amendment 742 does not apply retroactively pursuant to Section 3582 because it is not included in 1B1.10(c)'s list of retroactively applicable amendments. As stated previously, the Court sentenced defendant on August 13, 2010. Amendment 742 became effective November 1, 2010. Amendment 742 does not apply retroactively. Thus, this Court is without jurisdiction to entertain defendant's motion as neither 18 U.S.C. § 3582 nor the amended U.S.S.G. § 4A1.1 provides a basis for modification of defendant's sentence. *See Ebbole v. United States*, 8 F.3d 530, 539 (7th Cir. 1993) (declining to apply U.S.S.G. § 3E1.1 retroactively on grounds that amendment to section did not appear in list of amendments in Section 1B1.10(d)).

**Disposition**

For the reasons stated above, Section 2241 cannot provide petitioner with the desired relief, and this action is **DISMISSED** with prejudice.

**IT IS SO ORDERED.**

**DATED: August 23, 2012**

Digitally signed by
David R. Herndon
Date: 2012.08.23
10:05:53 -05'00'

Chief Judge
United States District Court

3